'Federal Bankruptcy Court'
at
'Bankruptcy Court of the united States
for middle Florida, Tampa'

FILED
2014 MAR 10 PM 12: 46
CLERK, US BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In Re: James Bruce Thornberry and Laura Anne Thornberry | Case No. 8:13-bk-10667-CPM |
| i, a man: James Bruce Thornberry:, <br> prosecutor, claimant, | Chapter 7 |
| v. | Adv. Proc. No. 8:14-bk-00027-CPM |
| DLJ MORTGAGE CAPITAL INC., <br> Patrick A. Remmert, In Private capacity as a man, <br> Primary Trustee, <br> SELECT PORTFOLIO SERVICING, INC., and <br> Brandy Hess, In Private capacity as a woman <br> Wrongdoers/Defendant/s. <br> _____/ | |

PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION FOR ENTRY OF CLERK'S

DEFAULT

AND MOTION FOR RECONSIDERATION

Plaintiff, James Bruce Thornberry, hereby moves this Common Law Court of Equity for reconsideration of the Order Denying Motion for Entry of Clerk's Default (Order Denying Clerk's Default) issued on March 6, 2014 that denied plaintiff's motion for default of defendant SELECT PORTFOLIO SERVICING, INC.

## STANDARD OF REVIEW

As the Plaintiff has invoked a Common Law Court of Equity, it is a breach of plaintiff's equitable substantive rights to deny the Clerk's Default for a procedural formality which places procedure or form over substance.

I wish to remind this court that it is well settled and understood that a motion for reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court."

Remedy is also appropriate when a legal error has been committed due to inadvertence or misapprehension.

Otherwise, ignoring properly preserved error timely brought to the court's attention after the entry of judgment would put the parties through the unnecessary expense and delay of having to appeal the case to get the error corrected.

## INTRODUCTORY STATEMENT

For the record this Court acknowledged the issuance of summons to defendant, Patrick A. Remmert, see Docket 01/13/2014.

It is noted that this Court set the date for defendant's answer as due 02/12/2014, see Docket 01/13/2014.

Plaintiff gave additional time for defendant to answer. Plaintiff filed Motion for Clerk's Default on February 27, 2014 with notice to defendant forthwith.

This is a full two+ (2+) weeks beyond the Court's own mandated answer date.

Defendant did not file for an extension of time nor was an extension of time sought.

As a point of order, to quote from Plaintiff's adversarial proceeding, this claim was filed "invoking this Common Law Court of Equity[1] and requires a proper Chancellor to preside" and "i, require a 'court of record'; right to a 'trial by jury'...."

## MOTION FOR RECONSIDERATION

As noted in the Motion for Clerk's Default filed herewith, plaintiff here asserts this court's "Order Denying Default" issued on March 6, 2014, fundamentally misapprehended plaintiff's motion as is evidenced by the manner in which said Order Denying Clerk's Default is based on lack of a specific inclusion by plaintiff of a statement in compliance with L.R. 7055-2 (c) that defendant did not file for an extension of time nor was an extension of time sought.

As a point of emphasis, the Plaintiff had invoked a Common Law Court of Equity and it is a breach of plaintiff's equitable substantive rights to deny the Clerk's Default for a procedural formality which places procedure or form over substance.

It was, and is, an obvious fact of the record that defendant had not filed for an extension of time nor even sought an extension by the dearth of filings by defendant into the docket between the court's

---

[1] "Law is nothing without equity, and equity is everything, even without Law. Those who perceive what is just and what is unjust only through the eyes of the law, never see it as well as those who behold it with the eyes of equity. Law may be looked upon, in some manner, as an assistance for those who have a weak perception of right and wrong, in the same way that optical glasses, are useful for those who are shortsighted, or those whose visual organs are deficient. Equity, in its true and genuine meaning, is the soul and spirit of the law; positive law is construed, and rational law is made by it." John Bouvier *Institutes of American Law*, 1882, Vol. 2, Section 3724 Para. 4.

"answer date" of 02/12/2014 and the "entry for default date" of 02/27/2014. The equitable and substantive spirit of L.R. 7055-2 (c) had been met and exceeded.

## CONCLUSION

THEREFORE, accordingly, plaintiff seeks alternative relief as follows:

A) Rescission of the Order Denying Motion for Entry of Clerk's Default (Order Denying Clerk's Default) issued on March 6, 2014

B) Issuance for Entry of Clerk's Default against SELECT PORTFOLIO SERVICING, INC.

Executed this 10th day of March Two Thousand and Fourteen of my freewill act and deed, while expressly reserving all liberties:

By: i, a man: _____ Grantor/Settlor
By: Grantor/Settlor, i, a man: James Bruce Thornberry:
c/o 9305 Wellington Park Circle, Tampa, Florida Republic
*non-domestic without the United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed by USPS mail to the party/ies listed on the service list below on or about the 10th day of March 2014.

1. DLJ MORTGAGE CAPITAL, c/o PEARSON BITMAN LLP, 485 N. KELLER RD, SUITE 401, MAITLAND, FL 32751
2. Patrick A. Remmert, c/o DLJ MORTGAGE CAPITAL, INC., 11 MADISON AVE, NY, NY 10010
3. SELECT PORTFOLIO SERVICING, INC., c/o PEARSON BITMAN LLP, 485 N. KELLER RD, SUITE 401, MAITLAND, FL 32751
4. Brandy Hess, c/o SELECT PORTFOLIO SERVICING, INC., 3815 SW TEMPLE, SALT LAKE CITY, UT 84115
5. Richard M. Dauval, Bankruptcy Trustee, c/o P.O. Box 13607, St. Petersburg, FL 33733-3607