UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                             Case No: 8:13-bk-10667-CPM
                                                                                                   Chapter 7

JAMES BRUCE THORNBERRY
A/K/A JAMES B
A/K/A J BRUCE
A/K/A JB THORNBERRY

LAURA ANNE THORNBERRY
A/K/A LAURA
A/K/A LAURA A THORNBERRY

       Debtors.
_____/

JAMES BRUCE THORNBERRY                            Adv. Pro. No: 8:14-ap-
                                                                                                  00027- CPM

       Plaintiff

       v.

DLJ MORTGAGE CAPITAL, INC.;
PATRICK A. REMMERT;
SELECT PORTFOLIO SERVICING, INC.; and
BRANDY HESS

       Defendants.
_____/

**PATRICK A. REMMERT AND BRANDY HESS'S MOTION FOR
<u>EXTENSION OF TIME TO FURTHER RESPOND TO ADVERSARY COMPLAINT</u>**

COME NOW, the Defendants, PATRICK A. REMMERT ("REMMERT") and BRANDY HESS ("HESS") (collectively the "Defendants"), by and through their undersigned counsel, and move this Court for an extension of time pursuant to Rule 9006(b)(1) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to further respond to the adversary complaint [D.E. 1] (the "Complaint") filed by James Thornberry (the "Debtor") in the Adversary Proceeding, and in support thereof, states:

## FACTUAL BACKGROUND

1. On or about January 13, 2014, the Debtor commenced the Adversary Proceeding.

2. On or about January 21, 2014, the Debtor filed certificates of service for the summons that it purportedly served on each of the Defendants [D.E. 4, the "Brandy Hess Certificate of Service", and D.E. 6 the "Patrick A. Remmert Certificate of Service"; collectively the "Certificates of Service"].

3. According to the Brandy Hess Certificate of Service, the Debtor served a copy of the summons and Complaint on Brandy Hess on January 17, 2014 by regular first class United States mail, postage fully pre-paid, addressed to: Brandy Hess, c/o Select Portfolio Servicing, Inc., 3815 SW Temple, Salt Lake City, UT 84115.

4. According to the Patrick A. Remmert Certificate of Service, the Debtor served a copy of the summons and Complaint on Patrick A. Remmert by regular first class United States mail, postage fully pre-paid, addressed to: Patrick A. Remmert, c/o DLJ Mortgage Capital, Inc., 11 Madison Ave., New York, NY 10010.

5. On or about February 27, 2014, the Debtor moved for default against Patrick A. Remmert and Brandy Hess [D.E. 9, 10] (the "Motions for Default").

6. By separate Orders entered March 6, 2014, the Court denied the Motions for Default without prejudice [D.E. 13, 14].

7. On March 11, 2014, the Debtor filed Motions for Reconsideration of the orders denying the default [D.E. 24, 25].

**ARGUMENT**

8. The Defendants did not personally receive service of the Complaint and summons allegedly sent by the Debtor to the individuals' place of employment. The undersigned only learned about the Adversary Proceeding and the Complaint on March 6, 2014 during a routine review of the underlying bankruptcy matter docket. The Defendants have not had sufficient time to review the file and fully respond to the Adversary Complaint.

9. Bankruptcy Rule 9006(b)(1) provides in pertinent part

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10. The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission, including 1) the danger of prejudice to the debtor, 2) the length of the delay and its potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. *In re Enron Corp.,* 419 F.3d 115, 122 (2d Cir. 2005).

11. There is no danger of prejudice to the Debtor. Rather, to the extent the relief is not granted, the Defendants' interests will be prejudiced.

12. The length of delay is minimal and will not have a negative impact on judicial proceedings. Furthermore, the requested relief will allow the Defendants' to respond to the

subject proceedings to ensure their interests are properly addressed and will allow this proceeding to be determined based on the merits and not a technicality.

13. As indicated above, the Defendants did not receive service of the Complaint and summons and only learned of the pending adversary proceeding on March 6, 2014. The Complaint and summons were allegedly mailed to the Defendants' respective places of employment, both large corporations who receive significant amounts of daily mail. Nonetheless, upon learning of the existence of the Adversary Proceeding and the Debtor's efforts to obtain default against the Defendants, the Defendants promptly acted by retaining the undersigned and requesting proper relief.

14. The Defendants respectfully request that the Court grant Defendants an extension of time to further respond to the Complaint pursuant to Bankruptcy Rule 9006(b)(1).

15. The Defendants will continue to review their records and files and will amend this motion and/or file affidavits, as appropriate.

16. This relief is not requested for purposes of delay and does not otherwise prejudice the Debtor. Rather, to the extent the relief is not granted, the Defendants' interests will be prejudiced.

WHEREFORE, the Defendants, PATRICK A. REMMERT and BRANDY HESS, respectfully request that this Court grant an extension of time to respond to the Adversary Complaint by an additional thirty (30) days so that the undersigned counsel has adequate time to review the file and respond appropriately.

RESPECTFULLY submitted on this day, March 12, 2014.

PEARSON BITMAN LLP

/s/ Courtney Crossland\_\_\_\_\_
Ronnie J. Bitman
Florida Bar No.: 744891
rbitman@pearsonbitman.com
Courtney Crossland, Esquire
Florida Bar No.: 0088596
ccrossland@pearsonbitman.com
485 N. Keller Rd. Suite 401
Maitland, FL 32751
Telephone: (407) 647-0090
Facsimile: (407) 647-0092
Attorney for PATRICK A. REMMERT and BRANDY HESS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic notice to The Chapter 7 Trustee, Richard M Dauval, P.O. Box 13607, St. Petersburg, FL 33733-3607 and United States Trustee - TPA7, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602 and by first class U.S. mail to James Bruce Thornberry and Laura Anne Thornberry, 9305 Wellington Park Circle, Tampa, FL 33647, on this day, March 12, 2014.

PEARSON BITMAN LLP

/s/ Courtney Crossland\_\_\_\_\_
Ronnie J. Bitman
Florida Bar No.: 744891
rbitman@pearsonbitman.com
Courtney Crossland, Esquire
Florida Bar No.: 0088596
ccrossland@pearsonbitman.com
485 N. Keller Rd. Suite 401
Maitland, FL 32751
Telephone: (407) 647-0090
Facsimile: (407) 647-0092
Attorney for PATRICK A. REMMERT and BRANDY HESS