**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| IN RE: | Case No: 8:13-bk-10667-CPM |
| | Chapter 7 |
| JAMES BRUCE THORNBERRY | |
| A/K/A JAMES B | |
| A/K/A J BRUCE | |
| A/K/A JB THORNBERRY | |
| | |
| LAURA ANNE THORNBERRY | |
| A/K/A LAURA | |
| A/K/A LAURA A THORNBERRY | |
| | |
|     Debtors. | |
| _____/ | |
| | |
| JAMES BRUCE THORNBERRY | Adv. Pro. No: 8:14-ap-00027- CPM |
| | |
|     Plaintiff | |
| | |
|     v. | |
| | |
| DLJ MORTGAGE CAPITAL, INC.; | |
| PATRICK A. REMMERT; | |
| SELECT PORTFOLIO SERVICING, INC.; and | |
| BRANDY HESS | |
| | |
|     Defendants. | |
| _____/ | |

**MOTION OF DLJ MORTGAGE CAPITAL, INC. AND SELECT PORTFOLIO
SERVICING, INC. FOR DISMISSAL OF ADVERSARY PROCEEDING OR FOR
<u>EXTENSION OF TIME TO FURTHER RESPOND TO ADVERSARY COMPLAINT</u>**

COME NOW, the Defendants, DLJ MORTGAGE CAPITAL, INC. ("DLJ") and SELECT PORTFOLIO SERVICING, INC. ("SPS" and together with DLJ, the "Defendants"), by and through their undersigned counsel, and move this Court to dismiss the above-captioned

adversary proceeding (the "Adversary Proceeding") or for an extension of time pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to further respond to the adversary complaint [D.E. 1] (the "Complaint") filed by James Thornberry (the "Debtor") in the Adversary Proceeding, and in support thereof, states:

## FACTUAL BACKGROUND

1. On or about January 13, 2014, the Debtor commenced the Adversary Proceeding.

2. On or about January 21, 2014, the Debtor filed certificates of service for the summons that it purportedly served on each of the Defendants [D.E. 3, the "SPS Certificate of Service", D.E. 5, the "DLJ Certificate of Service" and together with the SPS Certificate of Service, the "Certificates of Service"].

3. According to the SPS Certificate of Service, the Debtor served a copy of the summons and Complaint on SPS on January 17, 2014 by regular first class United States mail, postage fully pre-paid, addressed to: Select Portfolio Servicing, Inc., 3815 SW Temple, Salt Lake City, UT 84115.

4. According to the DLJ Certificate of Service, the Debtor served a copy of the summons and Complaint on DLJ by regular first class United States mail, postage fully pre-paid, addressed to: DLJ Mortgage Capital, Inc., Corp. Tax Department, 11 Madison Ave., New York, NY 10010.

5. On or about February 27, 2014, the Debtor moved for default against SPS and DLJ [D.E. 7, 8] (the "Motions for Default").

6. By separate Orders entered March 6, 2014, the Court denied the Motions for Default without prejudice [D.E. 11, 12].

7. On March 11, 2014, the Debtor filed Motions for Reconsideration of the orders denying the default [D.E. 23, 26].

## ARGUMENT

8. Bankruptcy Rule 7004(b)(3), which addresses the service of complaints in adversary proceedings, provides in pertinent part:

> (b) *Service By First Class Mail*. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)–(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> * * *
>
> (3) **Upon a domestic or foreign corporation** or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint **to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process** and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr. P. 7004(b)(3).

9. Although the Defendants are still investigating the service issue, nothing in the Certificates of Service indicates that copies of the summons and the Complaint allegedly served on the Defendants by U.S. First Class Mail were sent to "**the attention of an officer, a managing or general agent**, or to any other agent authorized by appointment or by law to receive service of process . . ." as required by Bankruptcy Rule 7004(b)(3) (emphasis added). Consequently, this Adversary Proceeding should be dismissed for lack of personal jurisdiction on the basis that the Defendants were not properly served.

10. The undersigned only learned about the Adversary Proceeding and the Complaint on March 6, 2014. The Defendants believe that dismissal of the Adversary Proceeding is likely

appropriate on additional grounds, but have not had sufficient time to review the file and fully respond to the Adversary Complaint.

      11.    Bankruptcy Rule 9006(b)(1) provides in pertinent part

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). The Defendants have reason to believe that they were improperly served and, thus, that the deadline for responding to the Complaint has not passed. *See* Fed. R. Bankr. P. 7012(a) ("**If a complaint is duly served**, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court.") (emphasis added).

      12.    Nevertheless, in the event the Defendants were properly served but the Complaint and summons were misrouted internally, out of an abundance of caution, the Defendants respectfully request that the Court grant Defendants an extension of time to further respond to the Complaint pursuant to Bankruptcy Rule 9006(b)(1).

      13.    Although Defendants' investigation continues, their review of their records thus far indicates that they did not receive proper service of the Complaint and summons. The Defendants will continue to review their records and files and will amend this motion and/or file affidavits, as appropriate. Nonetheless, upon learning of the existence of the Adversary Proceeding and the Debtor's efforts to obtain default against the Defendants, Defendants wanted to bring this issue to the Court's attention as promptly as possible.

14. This relief is not requested for purposes of delay and does not otherwise prejudice the Debtor. Rather, to the extent the relief is not granted, the Defendants' interests will be prejudiced.

WHEREFORE, the Defendants, DLJ MORTGAGE CAPITAL, INC. and SELECT PORTFOLIO SERVICING, INC., respectfully request that this Court dismiss the Adversary Proceeding and/or grant an extension of time for further responding to the Adversary Complaint by an additional thirty (30) days so that the undersigned counsel has adequate time to review the file and respond appropriately.

RESPECTFULLY submitted on this day, March 12, 2014.

PEARSON BITMAN LLP

/s/ Courtney Crossland_____
Ronnie J. Bitman
Florida Bar No.: 744891
rbitman@pearsonbitman.com
Courtney Crossland, Esquire
Florida Bar No.: 0088596
ccrossland@pearsonbitman.com
485 N. Keller Rd. Suite 401
Maitland, FL 32751
Telephone: (407) 647-0090
Facsimile: (407) 647-0092
Attorney for DLJ MORTGAGE CAPITAL, INC. and SELECT PORTFOLIO SERVICING, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic notice to The Chapter 7 Trustee, Richard M Dauval, P.O. Box 13607, St. Petersburg, FL 33733-3607 and United States Trustee - TPA7, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602 and by first class U.S. mail to James Bruce Thornberry and Laura Anne Thornberry, 9305 Wellington Park Circle, Tampa, FL 33647, on this day, March 12, 2014.

> PEARSON BITMAN LLP
>
> /s/ Courtney Crossland_____
> Ronnie J. Bitman
> Florida Bar No.: 744891
> rbitman@pearsonbitman.com
> Courtney Crossland, Esquire
> Florida Bar No.: 0088596
> ccrossland@pearsonbitman.com
> 485 N. Keller Rd. Suite 401
> Maitland, FL 32751
> Telephone:  (407) 647-0090
> Facsimile:   (407) 647-0092
> Attorney for DLJ MORTGAGE CAPITAL, INC. and SELECT PORTFOLIO SERVICING, INC.