UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                                                Case No: 8:13-bk-10667-CPM
                                                                                                                         Chapter 7

JAMES BRUCE THORNBERRY
A/K/A JAMES B
A/K/A J BRUCE
A/K/A JB THORNBERRY

LAURA ANNE THORNBERRY
A/K/A LAURA
A/K/A LAURA A THORNBERRY


     Debtors.
_____/

JAMES BRUCE THORNBERRY                     Adv. Pro. No: 8:14-ap-00027-CPM

     Plaintiff

     v.

DLJ MORTGAGE CAPITAL, INC.;
PATRICK A. REMMERT;
SELECT PORTFOLIO SERVICING, INC.; and
BRANDY HESS

     Defendants.
_____/

**<u>MOTION OF PATRICK REMMERT, BRANDY HESS, DLJ MORTGAGE CAPITAL, INC. AND SELECT PORTFOLIO SERVICING, INC., REQUESTING THAT THE COURT (I) ABSTAIN FROM HEARING THE AMENDED ADVERSARY COMPLAINT, OR, IN THE ALTERNATIVE, (II) DISMISS THE AMENDED ADVERSARY COMPLAINT</u>**

By and through their undersigned counsel, PATRICK A. REMMERT ("Remmert"), BRANDY HESS ("Hess"), DLJ MORTGAGE CAPITAL, INC. ("DLJ") and SELECT PORTFOLIO SERVICING, INC. ("SPS", and together with Remmert, Hess and DLJ, the "Defendants") hereby file this Motion (the "Motion") requesting that the Court (i) abstain from

hearing the amended adversary complaint [Adv. Pro. D.E. 51] (the "Amended Complaint") filed in the above-captioned adversary proceeding (the "Adversary Proceeding") by JAMES BRUCE THORNBERRY (the "Plaintiff") or, in the alternative, (ii) dismiss the Amended Complaint, and in support thereof, state as follows:

## BACKGROUND

1.  Defendant DLJ is the owner and holder of a promissory note (the "Note") and mortgage (the "Mortgage") executed by the Plaintiff and LAURA ANNE THORNBERRY A/K/A LAURA A/K/A LAURA A THORNBERRY (collectively, the "Debtors") in November of 2006.[1]

2.  The Mortgage is secured by a piece of real property located at 9305 Wellington Park Circle, Tampa, FL 33647 in Hillsborough County (the "Property").

3.  Although the Debtors were the initial owners of the property, the current owner of record of the property is D. Scott Heineman and Kurt F. Johnson, Trustees of the Thornberry Family Trust.

4.  Prior to the date the Debtors filed for bankruptcy, the Debtors defaulted on the loan evidenced by the Note and Mortgage (the "Subject Loan") and DLJ commenced a proceeding to foreclose on the Property in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, which was styled as *DLJ Mortgage Capital, Inc. v. D. Scott Heineman, Trustees of Thornberry Family Trust, et al*, Case No. 2007-CA-015829.

5.  On or about August 13, 2013 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*

---

[1] Defendant SPS is the servicer with respect to the Mortgage. Defendant Remmert is the Chief Executive Officer of DLJ. Defendant Hess is an Administrative Assistant at SPS.

(the "Bankruptcy Code") thereby commencing Case No. 8:13-bk-10667-CPM (the "Chapter 7 Case").

6.  On or about December 20, 2013, the Chapter 7 Trustee filed a Report of No Distribution in the Debtors' Chapter 7 Case. The Chapter 7 Trustee reported that he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law" and he certified that the Debtors' estates had "been fully administered."

7.  On or about January 13, 2014, the Plaintiff commenced the Adversary Proceeding by filing a complaint (the "Original Complaint").[2]

8.  On January 23, 2014, the Debtors obtained a Chapter 7 Discharge [Chapter 7 Case, D.E. 31].

9.  On April 9, 2014, the Defendants moved to dismiss the Original Complaint [Adv. Pr. D.E. 42].

10. At a hearing on April 22, 2014, the Court ruled from the bench that it was abstaining from ruling on the Original Complaint.[3]

---

[2] Although the Original Complaint was for the most part incomprehensible, the Plaintiff appeared to assert ten separate claims for relief. Specifically, the Complaint labeled the ten claims as follows: (i) Federal Question: Violation of Due Process Rights; Non-Race Based Classes of Inequality & Discrimination; (ii) Violation of Civil Rights Under 42 U.S.C. §§ 1981-1982; (iii) Breach of Private Equitable Trust; (iv) Valuation of Secured and/or Unsecured Claim and Avoidance of Alleged Lien Pursuant to 11 U.S.C. § 506; (v) Avoidance of Alleged Lien Pursuant to § 548; (vi) Avoidance of Alleged Lien Pursuant to § 547 as a Preference; (vii) Avoidance of Alleged Lien Pursuant to § 549 as a Postpetition Transaction; (viii) Valuation of Secured Claim and Avoidance of Alleged Lien Pursuant to § 502; (ix) Defendant Wrongdoer is Not a Holder in Due Course Pursuant to F.S. 673.302; and (x) Action to Quiet Title as to Property in the Estate.

[3] The Court also stated at the April 22, 2014 hearing that the Original Complaint had been improperly served. In the event the Plaintiff fails to properly serve the Amended Complaint,

11. Before the Court entered any orders memorializing its April 22, 2014 rulings, the Plaintiff, without seeking leave of Court or obtaining the written consent of the Defendants, filed the Amended Complaint. The Amended Complaint was filed on May 6, 2014 and entered on the docket on May 14, 2014.

## ARGUMENT

### I. The Court Should Exercise its Discretion to Abstain from Hearing the Amended Complaint

12. The Defendants submit that, the Court should exercise its discretion to abstain from hearing the Amended Complaint pursuant to 28 U.S.C. § 1334(c)(1) just as the Court did with respect to the Original Complaint. Section 1334(c)(1) provides in relevant part:

> nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). "Under this commonly called discretionary or permissive abstention provision, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law." *E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002). In determining whether discretionary abstention is appropriate, courts often look to the following factors:

> (1) The effect or lack thereof on the efficient administration of the estate if a court abstains.
>
> (2) The extent to which state law issues predominate over bankruptcy issues.
>
> (3) The difficulty or unsettled nature of applicable law.

---

Defendants reserve the right to argue that the Amended Complaint should be dismissed as to the Defendants for lack of personal jurisdiction.

4

>     (4) The presence of a related proceeding commenced in state court or other non-bankruptcy court.
>
>     (5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334.
>
>     (6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.
>
>     (7) The substance rather than form of an asserted "core" proceeding.
>
>     (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.
>
>     (9) The burden of the bankruptcy court's docket.
>
>     (10) The likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties.
>
>     (11) The existence of a right to a jury trial, and
>
>     (12) The presence in the proceeding of non-debtor parties.

*Wood v. Ghuste (In re Wood)*, 216 B.R. 1010, 1014 (Bankr. M.D. Fla. 1998) (citing *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1167 (9th Cir. 1990)). The Defendants submit that many of these factors weigh strongly in favor of abstention in this case. As an initial matter, abstention is appropriate given the obvious attempt by Plaintiff to forum shop and avoid resolving its disputes with Plaintiff in state court. Moreover, because the Chapter 7 Trustee determined after investigation back in December 2013 that the Chapter 7 Case is a "No-Asset Case", abstention will promote the efficient administration of the bankruptcy estate by finally allowing the Debtor's Chapter 7 case to close without further delay. Additionally, the remoteness of the adversary claim to the main bankruptcy case, the lack of jurisdictional basis other than 28 U.S.C. § 1334, the extent to which state law issues predominate bankruptcy issues,

5

the burden on this Court's docket, the existence of the right to a jury trial, and the presence of multiple non-debtor parties in the Adversary Proceeding also weigh in favor of abstention.

13.     Thus, based on the applicable standard, the Court should exercise its discretion to abstain from hearing the Amended Complaint.

## II.     Alternatively, if the Court Decides Not to Abstain, the Court Should Dismiss the Amended Complaint

14.     Alternatively, if the Court decides not to abstain from hearing the Amended Complaint, the Defendants submit that the Court should dismiss the Amended Complaint for the reasons set forth below.

15.     As an initial matter, the Court should dismiss the Amended Complaint for lack of subject matter jurisdiction, at least to the extent the Plaintiff's claim is based on the Defendants' purported postpetition conduct.  The Amended Complaint states that "the commencement of the wrong and harm began on November 6, 2006" and that "the wrong and harm continues to this day, May 6, 2014." *See* Amended Complaint at ¶¶ 4-5.  Section 1334(b) of title 28 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. §1334(b).  "Thus, for federal bankruptcy jurisdiction to exist, a case must at minimum 'relate to' a case under title 11." *See Community Bank of Homestead v. Boone (In re Boone),* 52 F.3d 958, 960 (11th Cir. 1995).  The Eleventh Circuit has stated that:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

6

*Id.* (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). To the extent Plaintiff's "trespass" action is based on postpetition conduct, it would not be property of the bankruptcy estate. Moreover, the Plaintiff has not and cannot show any effect that the outcome of his lawsuit for trespass (at least to the extent it is based on pospetition conduct) could have on the bankruptcy estate. Consequently, the Court lacks subject matter jurisdiction over the Plaintiff's claim, at least insofar as it is based on acts that arose after the Petition Date. *See Boone*, 52 F.3d at 961 (concluding that the bankruptcy court and district court had no jurisdiction over debtors' tortious interference claim that arose out of postpetition conduct).[4]

16.    Even if the Court decides that it does have subject matter jurisdiction, the Court should nonetheless dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. A cause of action asserted in an adversary proceeding must be dismissed where it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. Pr. 12(b)(6); Fed R. Bankr. P. 7012(b) ("F. R. Civ. P. Rule 12(b)–(i) F. R. Civ. P. applies in adversary proceedings. . . . "). In order to withstand a motion to dismiss, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true . . . ." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations and internal citations omitted). To state a claim upon which relief may be granted, a plaintiff must plead "more than labels and conclusions." *Id.* at 1965. Indeed, "a formulaic recitation of the

---

[4]    The Defendants also believe that the Court may lack subject matter jurisdiction over the Plaintiff's claim to the extent it is based on prepetition conduct. In December of 2013, the Chapter 7 Trustee, after investigation, determined that the Debtors' Chapter 7 Case was a "No-Asset Case" and certified that the Debtors' estates had been fully administered. Additionally, the Debtors have already been issued a Chapter 7 Discharge. Although the Defendants do not purport to speak for the Chapter 7 Trustee, at this stage in the case, it does not seem like the outcome of the Adversary Proceeding, even to the extent it is based on prepetition acts, could conceivably have an effect on the administration of the Debtors' bankruptcy estates.

elements of a cause of action will not do." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." *Oxford Asset Mgmt, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

17. When the conclusory allegations of the Amended Complaint are disregarded, it is clear that the Plaintiff has not pled sufficient facts in the Amended Complaint to state a viable claim for relief against the Defendants. The Plaintiff alleges in the Amended Complaint that the Defendants are liable for trespass based on use of "improper instrument/s, false claims, breach of performance[.]" *See* Amended Complaint at ¶¶ 1-2. Even if the Court draws all inferences in favor of the Plaintiff, these unsupported legal conclusions that the Plaintiff terms "causal agents" in no way support a claim for trespass.

18. The Amended Complaint also improperly lumps all the Defendants together without providing facts as to how each individual Defendant is purportedly liable for trespass. Rule 8 of the Federal Rules of Civil Procedure (the "Rules"), made applicable to this Adversary Proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See* Fed. R. Civ. P. 8. However, when a complaint groups all defendants together "in each claim and provide[s] no factual basis to distinguish their conduct, the . . . [c]omplaint fails to satisfy the minimum standard of Rule 8." *See Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (citations omitted); *see also Guididas v. Cmty. Nat'l Bank Corp.*, No. 8:11-cv-2545-T-30TBM, 2012 WL 1656771, at *5 (M.D. Fla. May 10, 2012) (concluding that complaint was insufficiently pled because "[p]laintiffs have not identified any facts with respect to an individual Defendant and just

generally allege that 'Defendants' conveyed through 'statements' inaccurate information regarding the soundness of CNBC stock"). Consequently, the Amended Complaint should be dismissed since it fails to provide each of the Defendants individually with sufficient notice of the claims against them to satisfy the minimum standards required under Rule 8.

19. The Plaintiff also suggests that he has suffered injury in the amount of "Eighty-two million, fifty thousand dollars" but pleads no facts in support of this astronomical damage figure. *See* Complaint at ¶ 7. As is clear from the excessive compensation that the Plaintiff seeks (as well as the Amended Complaint as a whole), Plaintiff's "trespass claim" is patently frivolous and an obvious attempt to harass the Defendants with vexatious litigation. The Amended Complaint should be dismissed with prejudice.

20. Finally, dismissal of the Amended Complaint is warranted because the Plaintiff failed to obtain the Defendants' written consent or leave of Court before filing the Amended Complaint as required by Rule 15, which is made applicable to adversary proceedings by Bankruptcy Rule 7015. *See* Fed. R. Bankr. P. 7015 ("Rule 15 F. R. Civ. P. applies in adversary proceedings."). Rule 15 provides in pertinent part as follows:

(a) AMENDMENTS BEFORE TRIAL.

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

9

*See* Rule 15(a).  The Amended Complaint was filed more than 21 days after the Plaintiff improperly served the Original Complaint, more than 21 days after service of the Defendants' motions to dismiss the Original Complaint and after the hearing on the Defendants' motions to dismiss the Original Complaint.  Thus, under Rule 15(a)(2), the Plaintiff was required to obtain Defendants' written consent or obtain leave of Court before filing the Amended Complaint.

21. For the foregoing independent reasons, dismissal of the Amended Complaint is appropriate.

WHEREFORE, the Defendants, HESS, REMMERT, DLJ MORTGAGE CAPITAL, INC. and SELECT PORTFOLIO SERVICING, INC., respectfully request that this Court abstain from hearing the Amended Complaint, or, in the alternative, dismiss the Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

RESPECTFULLY submitted on this day, May 29, 2014.

> PEARSON BITMAN LLP
>
> /s/Ronnie Bitman
> Ronnie J. Bitman
> Florida Bar No.: 744891
> rbitman@pearsonbitman.com
> Courtney Crossland, Esquire
> Florida Bar No.: 0088596
> ccrossland@pearsonbitman.com
> 485 N. Keller Rd. Suite 401
> Maitland, FL 32751
> Telephone:  (407) 647-0090
> Facsimile:   (407) 647-0092
> Attorneys for DLJ MORTGAGE CAPITAL, INC.; SELECT PORTFOLIO SERVICING, INC.; PATRICK A. REMMERT; and BRANDY HESS

DLJ Mortgage Capital, Inc. v. Thornberry
Case No.: 2007-CA-015829
May 29, 2014
Page 11 of 11

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic notice to The Chapter 7 Trustee, Richard M Dauval, P.O. Box 13607, St. Petersburg, FL 33733-3607 and United States Trustee - TPA7, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602 and by first class U.S. mail to James Bruce Thornberry and Laura Anne Thornberry, 9305 Wellington Park Circle, Tampa, FL 33647, on this day, May 29, 2014.

    PEARSON BITMAN LLP

    /s/Ronnie Bitman
    Ronnie J. Bitman
    Florida Bar No.: 744891
    rbitman@pearsonbitman.com
    Courtney Crossland, Esquire
    Florida Bar No.: 0088596
    ccrossland@pearsonbitman.com
    485 N. Keller Rd. Suite 401
    Maitland, FL 32751
    Telephone:  (407) 647-0090
    Facsimile:  (407) 647-0092
    Attorneys for DLJ MORTGAGE CAPITAL, INC.; SELECT PORTFOLIO SERVICING, INC.; PATRICK A. REMMERT; and BRANDY HESS